A04A0222. SWERTFEGER et al. v. BARBER et al.

(598 SE2d 89)

RUFFIN, Presiding Judge.

Claiming that he was entitled to an attorney fee award of $18,716, Jack Swertfeger appeals the trial court's order granting his fee request, but limiting his recovery to $2,320.[1] We docketed the appeal on September 17, 2003, and the notice of docketing instructed Swertfeger to file his brief within 20 days of docketing. Swertfeger's brief, therefore, was due on or before October 7, 2003. The docketing notice further stated that "[f]ailure to timely file briefs . . . or to follow any of the Court's rules or orders may cause the appeal to be dismissed."

On October 2, 2003, Swertfeger requested a 20-day extension of time in which to file his brief, through and including October 27, 2003. We denied that motion on October 6, 2003. Rather than filing his brief by October 7, 2003, Swertfeger waited until October 30, 2003, to

---

[7] See *Jackson*, supra.

[8] See *Phillips v. State*, 259 Ga. App. 331, 333 (3) (577 SE2d 25) (2003).

[1] Although Swertfeger is the only named appellant in this appeal, he apparently is acting in three capacities: individually, as Commissioner of the Georgia Civil War Commission, and on behalf of all members of the public.

submit his brief and enumeration of errors to this Court. Given the late filing, the appellees now argue that this appeal should be dismissed. We agree.

Under Court of Appeals Rule 26 (a), an appellant's failure to timely file a brief "may subject the appeal to dismissal, and may subject the offender to contempt." A party who breaches this Court's rules also may be disbarred from the Court of Appeals.[2] We recognize that, in cases involving minor rules infractions, we often exercise our discretion to consider the merits of an appeal. But we refuse to do so here. Despite our explicit denial of his motion for an extension of time, Swertfeger neglected to file a brief on or even within a few days of the due date. In fact, he failed to meet the October 27, 2003 deadline requested in his own motion for extension of time, and he provided no explanation for the lengthy delay in filing. Neither did he request reconsideration of our denial of his motion for extension of time.

Swertfeger claims that we cannot dismiss an appeal that has "merit," regardless of whether the appellant complies with our filing rules. The rules, however, specifically authorize such dismissal, and the notice of docketing warned Swertfeger of this consequence.

The record shows that Swertfeger completely disregarded the briefing schedule applicable to this appeal. Without explanation, he ignored our order denying his motion for extension of time and waited 23 days after the due date to file his brief. Accordingly, this appeal is dismissed, and the judgment of the trial court stands as issued.[3]

*Appeal dismissed. Eldridge and Adams, JJ., concur.*

DECIDED APRIL 6, 2004.

*Wood & Meredith, Hugh C. Wood*, for appellants.
*Thurbert E. Baker, Attorney General, Ray O. Lerer, Senior Assistant Attorney General, Mary J. Volkert, Assistant Attorney General*, for appellees.

---

[2] See Court of Appeals Rule 7.
[3] See Court of Appeals Rules 7, 26 (a); *Falice v. Brightwell*, 219 Ga. App. 163-164 (465 SE2d 730) (1995).